UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

MAY - 6 2013

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

EDWARD L. BRAGG, )
)
Petitioner, )
)
v. ) Case No.: 2:12-cv-161
)
HAROLD W. CLARKE, Director, )
Virginia Department of Corrections, )
)
Respondent. )
)

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* Petitioner's, Edward L. Bragg's ("Bragg"), Petition for a Writ of *Habeas Corpus* filed on March 26, 2012, pursuant to 28 U.S.C. § 2254, ECF No. 1, and the Respondent's Motion to Dismiss filed on September 20, 2012, ECF No. 18. The Petition and Motion were referred to the undersigned U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Local Civil Rule 72. For the following reasons, the undersigned **RECOMMENDS** the Respondent's Motion to Dismiss be **GRANTED** and Bragg's Petition be **DENIED** and **DISMISSED.**[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Bragg was convicted in 1986 in the Virginia Beach Circuit Court of sodomy, burglary with the intent to rape, rape, burglary while armed at night, and aggravated sexual battery, and he

---

[1] In *Conaway v. Polk*, 453 F.3d 567 (4th Cir. 2006), this Circuit held that a § 2254 petitioner "who has diligently pursued his *habeas corpus* claim in state court is entitled to an evidentiary hearing in federal court, on facts not previously developed in the state court proceedings, *if the facts alleged would entitle him to relief*, and if he satisfies one of the six factors enumerated by the Supreme Court in *Townsend v. Sain*, 372 U.S. 293, 313 (1963)." *Conaway*, 453 F.3d at 582 (emphasis added). Bragg requests an evidentiary hearing on his Petition. ECF No. 1, attach. 25 at 15. However, because the undersigned concludes that the facts alleged in the Petition do not entitle Bragg to relief, an evidentiary hearing is unnecessary.

received an active prison sentence of ninety-five years. According to Bragg, he did not appeal his convictions and sentence to the Court of Appeals or Supreme Court of Virginia. *See* ECF No. 1 at 2. He did, however, petition the Supreme Court of Virginia for a writ of *habeas corpus* on January 5, 2011, his first, challenging Virginia's parole process. *See* ECF No. 19, attach. 1 at 7-22. The Supreme Court dismissed the petition on March 11, 2011, opining "that *habeas corpus* [did] not lie in this matter." *Id.*, attach. 2 at 23.

Bragg, while in the custody of the Greensville Correctional Center, filed the instant § 2254 Petition, alleging the following: (1) his Fourteenth Amendment due process rights are being violated because (a) the Virginia Parole Board's ("the Board") "focus on the nature of the crime as the primary factor" for parole eligibility "is to[,] in effect[,] resentence [him] and ... abolish[] parole," (b) the phrase, "found suitable for parole," contained in Virginia Code § 53.1-136(2)(a) should be voided for vagueness because it gives the Board excessive discretion in determining parole eligibility, (c) Virginia's parole system creates a suspect class between those who were paroled before the system was "overhauled" on January 1, 1995, and those who committed crimes before this date but have yet to be paroled, and (d) the Governors of Virginia, through their appointment power, have conspired with the Board to retroactively and effectively abolish parole for violent offenders, such as Bragg, because of the Board's focus on the severity of the offense in determining parole eligibility, ECF No. 1, attach. 25 at 2-10; (2) the Board has violated the *Ex Post Facto* Clause of the U.S. Constitution by implementing certain "rules," in particular the abandonment of a risk assessment tool, that have "severely reduced the chances" that violent offenders, such as Bragg, would be paroled, thereby effectively, and retroactively, abolishing parole for such offenders, *id.*, attach. 25 at 11-15; and (3) the Board has adopted a Bill

2

of Attainder by identifying Bragg as a violent offender, which according to him is a suspect class, and making him effectively ineligible for parole because of the severity of his offenses, *id.*, attach. 25 at 15-18. Among his requests for relief, Bragg asks the Court to determine "what constitutes a fundamentally fair consideration in the parole process as it relates to the Due Process Clause," to determine whether the Board has violated the *Ex Post Facto* Clause, and to order other declaratory and injunctive relief, including release from prison. *Id.*, attach. 25 at 15, 19. The Attorney General of Virginia, on behalf of the Respondent, filed a Rule 5 Answer, Motion to Dismiss, brief in support, and *Roseboro* Notice on September 20, 2012, ECF Nos. 17-20, and Bragg filed a timely brief in opposition on October 9, 2012, ECF No. 21. The Respondent has not filed a reply brief, and the time to do so has lapsed. Therefore, the instant Motion and Petition are ripe for disposition.

## II. ANALYSIS

### A. Exhaustion and Adjudication on the Merits

Section 2254 petitions challenge a state's custody over a prisoner on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before petitioning for federal *habeas* relief, however, a prisoner must exhaust his available state court remedies in order to give the state court an opportunity to determine whether constitutional errors occurred during his trial and sentencing, or demonstrate the absence or ineffectiveness of such remedies. *Id.* § 2254(b)(1); *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). In other words, "[t]o satisfy the exhaustion requirement, a *habeas* petitioner must fairly present his claim to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The Respondent concedes and the Court agrees that

Bragg exhausted his claims by presenting them to the Supreme Court of Virginia. Therefore, federal *habeas* review is appropriate here. The Respondent also asserts that the Supreme Court denied Bragg's petition on the merits, which is entitled to deference under § 2254(d) unless the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In its one-paragraph, two-sentence order dismissing Bragg's petition, the Supreme Court simply wrote that "habeas [did] not lie in this matter." ECF No. 19, attach. 2 at 23. It did not discuss the merits of the petition nor did it explain why state *habeas* review was unavailable. This decision, however, is consistent with the Supreme Court's dismissal of state *habeas* petitions pursuant to *Carroll v. Johnson*, 685 S.E.2d 647, 652 (Va. 2009).

Prior to *Carroll*, *habeas* jurisdiction in Virginia state court was limited to cases that asserted a prisoner's right to immediate release from custody. The *Carroll* case, though, extended this jurisdiction to include cases that might affect the duration of a prisoner's confinement but would not necessarily result in his immediate release from custody. Acknowledging the limits of this decision, the Supreme Court wrote:

> Our holding [abrogating the "immediate release rule"] does not extend *habeas corpus* jurisdiction to cases in which an order entered in the petitioner's favor will only give rise to a possibility of reducing the petitioner's term of imprisonment. Thus, disputes which only tangentially affect an inmate's confinement, such as ... challenges to parole board decisions ... are not proper matters for *habeas corpus* jurisdiction because an order entered in the petitioner's favor ... will not result in an order interpreting convictions or sentences that, on its face and standing alone, will directly impact the duration of the petitioner's sentence.

*Id.* at 652. Therefore, *Carroll* expressly limits *habeas* jurisdiction in Virginia state courts and excludes from such jurisdiction those claims Bragg has asserted here, which, if validated, might

4

not affect the duration of his confinement.² *See Higdon v. Jarvis*, No. 7:11-cv-00330, 2012 WL 738731, at *3 (W.D. Va. Mar. 5, 2012) ("The Supreme Court of Virginia dismissed petitioner's state *habeas* petition because '[state] *habeas corpus* does not lie in this matter' pursuant to *Carroll*.... Therefore, the Supreme Court of Virginia's dismissal of petitioner's state *habeas* petition did not constitute an adjudication 'on the merits' for the purposes of 28 U.S.C. § 2254(d).") (citations omitted). Because the undersigned finds the Supreme Court's decision dismissing Bragg's petition was not on the merits and, therefore, not entitled to deference by this Court, the undersigned reviews Bragg's *habeas* claims *de novo*. *Hudson v. Hunt*, 235 F.3d 892, 895 (4th Cir. 2000).

**B. Jurisdiction**

A prisoner is entitled to federal *habeas* relief only by demonstrating that his confinement "violat[es] [] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, there is some doubt whether Bragg may challenge Virginia's parole system in a federal *habeas* petition rather than in a civil rights action pursuant to 42 U.S.C. § 1983. The U.S. Supreme Court has held that a prisoner's challenge to parole proceedings and request for new parole procedures, which would not necessarily result in his speedier release from custody, do not "lie[] at 'the core of *habeas corpus*,'" *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (quoting

---

² The Court is cognizant of the U.S. Supreme Court's decision in *Harrington v. Richter*, 131 S. Ct. 770 (2011), which reviewed the implications of the California Supreme Court's one-sentence order denying *habeas* relief and whether § 2254(d) applies when such an order is unaccompanied by an opinion explaining the reasons why relief was denied. The U.S. Supreme Court opined that "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 784-85 (citation omitted). "Th[is] presumption may be overcome where there is a reason to think some other explanation for the state court's decision is more likely." *Id.* at 785 (citation omitted). Absent the Supreme Court of Virginia's decision in *Carroll*, the undersigned would find it difficult to deviate from *Harrington* and not presume the Supreme Court adjudicated the merits of Bragg's petition when it dismissed the petition because "*habeas corpus* d[id] not lie in this matter." The undersigned finds, however, that *Carroll* overcomes this presumption because it expressly limits *habeas* jurisdiction in Virginia state courts and excludes from such jurisdiction those claims Bragg has asserted here. Lacking such jurisdiction, the Supreme Court could not have adjudicated the merits of Bragg's petition.

*Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)), because "[*h*]*abeas* is the exclusive remedy ... for the prisoner who seeks 'immediate or speedier release' from confinement." *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting *Wilkinson*, 544 U.S. at 82). Instead, such challenges are cognizable as § 1983 actions.

The Supreme Court, though, has not determined whether a § 1983 action is the *exclusive* remedy for a prisoner, such as Bragg, who seeks immediate release from confinement, *see* ECF No. 1, attach. 25 at 15 ("Petitioner seeks an injunction by this court to order his release."), even if that remedy is unavailable. *See Townes v. Jarvis*, 577 F.3d 543, 550 n.4 (4th Cir. 2009); *Terrell v. United States*, 564 F.3d 442, 446 (6th Cir. 2009) (noting that "the circuits appear to be in conflict" on "whether *habeas* and § 1983 (or the equivalent for a federal prisoner) are mutually exclusive actions"). The undersigned need not make that determination here because Bragg's claims fail under § 2254 and § 1983. *See Knowlin v. Johnson*, No. 1:10cv824(CMH/JFA), 2011 WL 4101512, at *4 (E.D. Va. Sept. 13, 2011) ("The Court need not resolve this contentious issue in this case, because [the petitioner's] constitutional challenges fail under either *habeas* or § 1983.") (citations omitted); *see also Townes*, 577 F.3d at 550 n.4 (treating petitioner's claims that the parole ineligibility determination violated his due process and equal protection rights as the basis for *habeas* relief pursuant to § 2254).

### C. Severity of the Offense

Bragg first claims the Board has violated his due process rights by using the severity of his offenses as the predominant factor in parole eligibility, thereby effectively abolishing parole for prisoners, such as himself, who have committed violent offenses.

Virginia is under no obligation to offer parole to its prisoners. *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011). However, a protectable liberty interest in parole "may arise from ... an expectation or interest created by state laws or policies." *Burnette v. Fahey*, 687 F.3d 171, 184 (4th Cir. 2012) (quoting *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)). Once a state creates a liberty interest in parole "the Due Process Clause requires fair procedures for its vindication," and this Court "will review the application of [these] constitutionally required procedures." *Id.* (quoting *Swarthout*, 131 S. Ct. at 862). The Court, though, is unable "to imagine a context more deserving of federal deference than state parole decisions." *Id.* (quoting *Vann v. Angelone*, 73 F.3d 519, 521 (4th Cir. 1996)). Consequently, "in the parole context, 'the procedures required are minimal.'" *Id.* (quoting *Swarthout*, 131 S. Ct. at 862). "[A]t most, ... parole authorities must 'furnish to the prisoner a statement of its reasons for denial of parole.'" *Id.* (quoting *Vann*, 73 F.3d at 522) (second alteration in in original).

Here, Bragg does not claim the Board has not discharged the minimal procedures required by due process; rather, his attention is directed to one factor in particular—the severity of his offenses—the Board has used, and continues to use, to deny violent offenders, such as him, parole. However, "[t]he nature and circumstances of the underlying offense is indisputably a legitimate factor that may be considered." *Burnette*, 687 F.3d at 187 (Gregory, J., dissenting). To emphasize this point, the Fourth Circuit very recently disposed of an appeal from a group of Virginia state prisoners, who asserted that the Board denied them due process because it failed to consider them for parole in a fair and meaningful manner. *Id.* at 181. In that case, each time the Board denied parole, its reason for the denial was "'the serious nature and circumstances of the crime' or words to that effect." *Id.* The prisoners objected, arguing that the Board disregarded

its statutory mandate by failing to determine whether a prisoner is suitable for parole through an individual analysis of certain factors and by *de facto* establishing a rule denying parole to persons imprisoned for violent offenses. *Id.*

The Fourth Circuit rejected these claims, holding

> As the district court ably explained, the statistical allegations show that the Board continues to grant parole to violent offenders, though at lower rates than in the past. The [petitioners] allege that in each year from FY 2002 through FY 2008, the Board released on parole between 3.7% and 2.1% of parole-eligible inmates incarcerated for violent offenses. This correlates to between 120 and slightly more than 230 inmates per year. In addition, ... the seriousness of the offense was the sole reason given in 45% of parole denials, meaning that in more than half of denials the Board provided another reason—either instead of or in addition to this factor—to explain its decision.
> These facts indicate that the Board was making individual determinations with respect to violent offenders. It was releasing numerous such offenders despite the crimes of which they were convicted. And, in many cases, it was not only considering but also relying on reasons other than the seriousness of the crime and its attendant circumstances in deciding to deny parole.

*Id.* at 182. Bragg does not nearly allege with the same specificity as the petitioners do in *Burnette* how the Board has established a *de facto* rule denying parole to persons imprisoned for violent offenses.[3] Moreover, the Court cannot infer from Bragg's allegations that the Board has not considered him on an individual basis in accordance with relevant factors when determining parole. He was convicted of serious offenses, and the Board would be well within its discretion to consider him on a holistic basis, including apparently commendable institutional conduct and achievement, *see* ECF No. 1, attach. 8, but also determine that he has not served a sufficient portion of his sentence in light of the severity of his offenses. Although this determination has

---

[3] Bragg attaches to his Petition what appears to be a table setting forth the Board's parole eligibility determinations from July 2005 to January 2010. ECF No. 1, attach. 21. The utility of this table is diminished, however, because it does not establish the reasons for the denial of parole, nor does it identify those who were denied parole because of the severity of their offenses—be it as the sole or an additional reason. The undersigned finds the Fourth Circuit's decision in *Burnette* and the statistics contained therein to be more helpful in disposing of Bragg's claims.

the effect of denying parole because of such offenses, the Board's process and decision making would not be rendered unconstitutional because, as the Fourth Circuit noted in *Burnette*, the Board has paroled violent offenders in the past and has asserted in more than half of the cases a reason other than or in addition to the severity of the offense for denying parole. These facts do not demonstrate that the Board has replaced individualized consideration of the prisoner with a *de facto* rule rejecting violent offenders for parole. "Simply put, the Board's declination to grant parole to [prisoners]—even repeatedly—based on the seriousness of their offenses cannot show that it has failed to consider other factors."[4] *Burnette*, 687 F.3d at 183. Mere speculation that the Board has effectively barred parole for violent offenders, without more to support this allegation, obligates the undersigned to dismiss this claim and find that the Board has not failed to "follow[] its statutory commands and internal policies in fulfilling its obligation." *Garner v. Jones*, 529 U.S. 244, 255 (2000) (citation omitted).

## D. Void for Vagueness

Bragg's second claim is that the phrase, "found suitable for parole," contained in Virginia Code § 53.1-136(2)(a) should be voided for vagueness because it gives the Board excessive discretion in determining parole eligibility. VA. CODE ANN. § 53.1-136(2)(a) ("Release on parole for such time and upon such terms and conditions as the Board shall prescribe, persons convicted of felonies and confined under the laws of the Commonwealth in any correctional facility in Virginia when those persons become eligible and are *found suitable for parole*") (emphasis added).

---

[4] "That the Board has abandoned procedures, including a risk assessment tool ..., which [Bragg] assert[s] would assist in the consideration of these other factors also fails to prove that it is considering only the offense itself. For example, the Board may consider a prisoner's prior criminal record and institutional history without these tools. And that its procedures may have become more technologically and electronically based does not indicate that the Board's review lacks substance." *Burnette*, 687 F.3d at 183 n.4.

"'It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined.'" *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289-90 (1982) (quoting *Groyned v. City of Rockford*, 408 U.S. 104, 108 (1972)). "Consistent with that approach, the [U.S. Supreme] Court has steadfastly applied the void-for-vagueness doctrine *only to statutes or regulations that purport to define the lawfulness of conduct or speech.*" *Nyeholt v. Sec'y of Veterans Affairs*, 298 F.3d 1350, 1356 (Fed. Cir. 2002) (citations omitted) (emphasis added). Therefore, "a void-for-vagueness challenge must be directed to a statute or regulation that purports to define the lawfulness or unlawfulness of speech or conduct." *Id.* at 1357; *see Woodruff v. U.S. Dep't of Labor, Office of Workers Comp. Program*, 954 F.2d 634, 642 (9th Cir. 1992) (finding that an interpretive rule to guide the appellee in making certain determinations is not subject to the void-for-vagueness doctrine). Virginia Code § 53.1-136(2)(a) does not define the lawfulness of speech or conduct; rather, it, along with Virginia Code § 53.1-155(A) ("No person shall be released on parole by the Board until a thorough investigation has been made into the prisoner's history, physical and mental condition and character and his conduct, employment and attitude while in prison. The Board shall also determine that his release on parole will not be incompatible with the interest of society or of the prisoner."), merely prescribe the process to be followed and criteria to be used by the Board in determining parole eligibility. "Therefore, [Bragg] cannot raise a void for vagueness challenge to these statutes," and such a challenge must be dismissed.[5] *Williams v. Johnson*, No. 1:10cv823

---

[5] Even if Bragg may challenge § 53.1-136(2)(a) on the void-for-vagueness doctrine, that statute passes constitutional muster. The U.S. Supreme Court has emphasized that if a state creates a parole system, "the state may be specific or general in defining the conditions for release and the factors that should be considered by the parole authority." *Greenholtz*, 442 U.S. at 8. Given the broad discretion entrusted to the states in this area, statutory language similar to that used in Virginia has withstood constitutional challenges. *See Glauner*, 184 F.3d at 1055 (emphasizing the broad discretion traditionally entrusted to parole boards and rejecting a void-for-vagueness challenge to a provision that prohibited parole eligibility for prisoners convicted of enumerated sexual offenses absent certification that the

10

(GBL/IDD), 2011 WL 4101505, at *5 (E.D. Va. Sept. 12, 2011) (citations omitted); *see also Vann*, 73 F.3d at 523 ("The Constitution simply does not speak to the generality or specificity of the standards for parole eligibility adopted by a state.") (citing *Greenholtz*, 442 U.S. at 7-8); *Glauner v. Miller*, 184 F.3d 1053, 1055 (9th Cir. 1999) (holding that the void-for-vagueness doctrine did not apply to a parole statute that was not "intended to police a citizen's behavior") (citing *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)). *But see Hess v. Bd. of Parole & Post-Prison Supervision*, 514 F.3d 909, 913-15 (9th Cir. 2008) (applying the void-for-vagueness doctrine to challenge to a state's parole laws). Consequently, Virginia Code § 53.1-136(2)(a) should not be voided for vagueness.

### E. Suspect Class

Thirdly, Bragg claims Virginia's parole system creates a suspect class between those who were paroled before the system was "overhauled" on January 1, 1995, and those who committed crimes before this date but have yet to be paroled. This claim, however, is similar to one that was presented but rejected in another recent case in this Court: *Gaston v. Clarke*, No. 2:11cv125 (E.D. Va. 2011). In *Gaston*, the petitioner asserted that the respondent created a suspect class in violation of the Fourteenth Amendment's Equal Protection Clause by denying him parole despite granting it to similarly situated prisoners.

To prove a violation of the Equal Protection Clause, Bragg "must first demonstrate he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648,

---

prisoner is not a "menace to the health, safety or morals of others") (internal quotation marks omitted); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999) (rejecting a void-for-vagueness challenge to a statute that provided prisoners shall not be released on parole until the parole board has reasonable assurance the prisoner will not become a menace to society or public safety).

654 (4th Cir. 2001). "Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id.* (citations omitted). Because Bragg is not a member of a suspect class, the Board's policies are presumed to be valid if they are rationally related to a legitimate state interest. *See City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440 (1985); *Moss v. Clark*, 886 F.2d 686, 690 (4th Cir. 1989) ("Prisoners are not a suspect class.") (citation omitted).

Parole eligibility determinations are lawfully, and perhaps best, delegated to the Board, which is well-suited to evaluate a prisoner's suitability for parole. Bragg, however, has not demonstrated that he is the victim of purposeful discrimination nor has he rebutted the presumption that the Board's policies are valid. These rationales are the same ones the Court asserted in *Gaston* to support its dismissal of the petitioner's equal protection challenge, *see Gaston v. Clarke*, No. 2:11cv125, 2011 WL 2961339, at *2 (E.D. Va. July 21, 2011), and there is no reason for the undersigned to depart from this.

Additionally, the Equal Protection Clause "does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147 (1940). "A classification that categorizes inmates based on the type of criminal offenses for which they have been convicted does not implicate a suspect class." *Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998) (citation omitted). It is reasonable for the Board to treat a violent offender, such as Bragg, differently from non-violent offenders and even other violent offenders because "[g]iven the[] different conditions and the myriad of factors involved in deciding parole [], 'it is difficult to believe that any two prisoners could ever be considered "similarly situated" for the purpose of judicial review of an equal protection claim.'" *Brown-El*

*v. Va. Parole Bd.*, 948 F. Supp. 558, 561 (E.D. Va. 1996) (citations omitted); *see Wottlin*, 136 F.3d at 1037; *Grimm v. Jackson*, 849 F. Supp. 1127, 1137 (W.D. Va. 1994). Therefore, Bragg's equal protection claim should be dismissed.

**F. Conspiracy to Abolish Parole**

Bragg's fourth claim is that the Governors of Virginia, through their appointment power, have conspired with the Board to retroactively and effectively abolish parole for violent offenders, such as Bragg, because of the Board's focus on the severity of the offense in determining parole eligibility. However, the only evidence Bragg offers to support his claim are three newspaper articles from *The Richmond Times-Dispatch*, *see* ECF No. 1, attachs. 7, 10, and 12, and a letter by a journalist from *The Virginian-Pilot* to a prisoner at the Greensville Correctional Center quoting Governor Allen as saying, "I appointed people to the parole board who shared our philosophy," *see id.*, attach. 2. Bragg's vague allegations of a conspiracy, even in light of this material, which makes no mention of the current Governor of Virginia, are insufficient to plausibly infer that past Governors participated in a conspiracy with the Board to violate his rights. *Ballinger v. N.C. Agr. Extension Serv.*, 815 F.2d 1001, 1007 (4th Cir. 1987) ("Quite simply, there is no proof, direct or indirect, of participation in any conspiracy by these appellees. Instead, appellant relies solely on the bare allegations of her complaint. 'It is well settled that mere allegations of conspiracy, backed up by no factual showing of participation in a conspiracy, are insufficient to support such an action against a motion for summary judgment based on affidavits establishing the absence of any participation.'") (quoting *Buschi v. Kirven*, 775 F.2d 1240, 1248 (4th Cir. 1985)). Not only has the Board paroled violent offenders in the past, *see, supra*, a fact that undermines Bragg's claim that parole in Virginia for violent offenders

13

has been effectively abolished, a conspiracy claim fails if it is not based on a constitutional right violation. *See Sattler v. Johnson*, 857 F.2d 224, 226 (4th Cir. 1988). The undersigned, though, finds that Bragg has failed to plead a violation of any clearly established right. Therefore, it is impossible for the undersigned to find any conspiracy to deny rights which do not exist.

### G. *Ex Post Facto*

Fifth, Bragg claims the Board has violated the *Ex Post Facto* Clause of the U.S. Constitution by implementing certain "rules," in particular the abandonment of a risk assessment tool, that have "severely reduced the chances" that violent offenders, such as Bragg, would be paroled, thereby effectively, and retroactively, abolishing parole for such offenders. This claim, however, is squarely foreclosed by the Fourth Circuit's decision in *Burnette, supra*. In *Burnette*, the petitioners claimed, as Bragg does here, that the *Ex Post Facto* Clause applies to the Board's policy changes, including, *inter alia*, the Board's decision to cease using a risk assessment tool. *Burnette*, 687 F.3d at 184-85. The Fourth Circuit rejected this claim, holding that

> the Inmates' complaint supports, at most, the inference that the Board is exercising its discretion, but that, in doing so, the Board is taking a stricter view towards violent offenders than it had in the past. This shift in the manner in which it exercises its discretion, however, does not implicate the *Ex Post Facto* Clause.... Thus, that the Board may have decided "to get tougher" on certain crimes "hardly amount[s] to an *ex post facto* violation" because "it was within the ... Board's discretion to get tougher." We should not and will not "micromanage[]" state parole systems through the *Ex Post Facto* Clause.

*Id.* at 185 (quoting *Foster v. Booker*, 595 F.3d 353, 362 (6th Cir. 2010); *Warren v. Baskerville*, 233 F.3d 204, 208 (4th Cir. 2000) (quoting *Garner*, 529 U.S. at 252)). The undersigned is unable to distinguish the instant *ex post facto* claim from the claim that was rejected in *Burnette*. In fact, Bragg does not nearly allege with the same specificity as the petitioners do in *Burnette* how changes to the Board's parole review procedures violate the *Ex Post Facto* Clause.

Therefore, in light of these similarities, the undersigned follows the rationale of the Fourth Circuit and finds that "[i]n the instant action, [Bragg] ha[s] alleged facts indicating only that, in exercising its discretion, the Board has opted to adopt a harsher tack with respect to violent offenders. This is not actionable." *Id.* at 185-86.

## H. Bill of Attainder

"A Bill of Attainder is a *legislative* determination of guilty which metes out punishment to *named individuals*." *United States v. Dorlouis*, 107 F.3d 248, 257 (4th Cir. 1997) (citations omitted) (emphasis added). Bragg claims the Board has adopted a Bill of Attainder by identifying him as a violent offender, which according to him is a suspect class, and making him effectively ineligible for parole because of the severity of his offenses. His citation to Virginia Code § 37.1-70.1, however, is in error because the Code no longer contains this provision.[6] Proceeding on the assumption that Bragg intended to cite to Virginia Code § 37.2-900, formerly § 37.1-70.1, that provision only contains a list of definitions as used in the chapter on the civil commitment of sexually violent predators. He also cites to Virginia Code § 53.1-136, which sets forth, *inter alia*, the powers and duties of the Board, § 53.1-151, which concerns parole eligibility, and § 53.1-154, which establishes the times at which the Board may review cases. These provisions do not direct the Court to any instance of the Virginia General Assembly impermissibly meddling in Bragg's convictions or the execution of his sentences. *See Huff v. Attorney Gen. of Va.*, No. 3:07cv744, 2008 WL 4065544, at *7 (E.D. Va. Aug. 26, 2008) (dismissing petitioner's Bill of Attainder claim that "[t]he Virginia Parole Board in concert with the Attorney General of Virginia has abused with malice of forethought this V[a.] Code [§] 37.1-900 and V[a.] Code [§] 53.1-900 in its use to vex, harass, punish, and torment [petitioner] by

---

[6] All of Title 37.1 of the Virginia Code was repealed in 2005 and has since become § 37.2-900.

15

denying him his liberty") (internal quotation marks and citation omitted). Therefore, this claim should be dismissed.

## III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** the Respondent's Motion to Dismiss, ECF No. 18, be **GRANTED** and Bragg's Petition, ECF No. 1, be **DENIED** and **DISMISSED**.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the

Petitioner and counsel of record for the Respondent, and is further **DIRECTED** to amend the Respondent's name in the caption of the case to read, "Harold W. Clarke, Director, Virginia Department of Corrections."

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
May 6, 2013

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Edward Lebron Bragg, #1152051
Greensville Correctional Center
901 Corrections Way
Jarratt, Virginia 23870
*Pro Se* Petitioner

John Michael Parsons
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for Respondent

Fernando Galindo
Clerk of the Court

By:

Deputy Clerk
May 7, 2013