**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

FILED
JUN 17 2013
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| EDWARD L. BRAGG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 2:12-cv-161 |
| ) | |
| HAROLD W. CLARKE, Director, ) | |
| Virginia Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

## FINAL ORDER

Before the Court is a Petition for a Writ of *Habeas Corpus* filed pursuant to 28 U.S.C. § 2254 and the Respondent's Motion to Dismiss. In his Petition, the *pro se* Petitioner alleges that: (1) his Fourteenth Amendment due process rights are being violated because (a) the Virginia Parole Board's ("Board") "focus on the nature of the crime as the primary factor" for parole eligibility "is to[,] in effect[,] resentence [him] and ... abolish[] parole," (b) the phrase, "found suitable for parole," contained in Virginia Code § 53.1-136(2)(a) should be voided for vagueness because it gives the Board excessive discretion in determining parole eligibility, (c) Virginia's parole system creates a suspect class between those who were paroled before the system was "overhauled" on January 1, 1995, and those who committed crimes before this date but have yet to be paroled, and (d) the Governors of Virginia, through their appointment power, have conspired with the Board to retroactively and effectively abolish parole for violent offenders, such as the Petitioner, because of the Board's focus on the severity of the offense in determining parole eligibility, ECF No. 1, attach. 25 at 2-10; (2) the Board has violated the *Ex Post Facto*

Clause of the Constitution by implementing certain "rules," in particular the abandonment of a risk assessment tool, that have "severely reduced the chances" that violent offenders, such as the Petitioner, would be paroled, thereby effectively, and retroactively, abolishing parole for such offenders, *id.*, attach. 25 at 11-15; and (3) the Board has adopted a Bill of Attainder by identifying the Petitioner as a violent offender, which according to him is a suspect class, and making him effectively ineligible for parole because of the severity of his offenses, *id.*, attach. 25 at 15-18.

The case was referred to a United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The Report and Recommendation that was filed on May 6, 2013, recommended that the Motion to Dismiss be granted and the Petition be denied and dismissed. The parties were advised of their right to file written objections to the Report and Recommendation. On May 20, 2013, the Court received the Petitioner's objections. The Respondent has not responded to these objections, however, and the time to do so has lapsed.

Having reviewed the record and the Petitioner's objections, and having made *de novo* findings with respect to the portions objected to, the Court agrees with the Report and Recommendation on the grounds stated by the Magistrate Judge and **ADOPTS** and **APPROVES** the Report and Recommendation, ECF No. 24, in its entirety as the Court's own opinion. Accordingly, the Court **GRANTS** the Respondent's Motion to Dismiss, ECF No. 18, and **DENIES** and **DISMISSES** the Petition **WITH PREJUDICE**.

The Petitioner is notified that he may appeal from the judgment entered pursuant to this Final Order by filing a *written* notice of appeal with the Clerk of the Court at the Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date judgment is entered. Because the Petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b)(1), the Court declines to issue a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).

The Clerk is **DIRECTED** to forward a copy of this Order to the Petitioner and counsel of record for the Respondent.

It is so **ORDERED**.

/s/
Raymond A. Jackson
United States District Judge

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
June 14, 2013